**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **AMANDA LESHAY YORK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00487** |
| | ) | **Judge Aleta A. Trauger** |
| **MARTIN J. O'MALLEY, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

Plaintiff Amanda York brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's denial of her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act. Currently pending is York's Motion for Judgment on the Administrative Record (Doc. No. 15), filed along with a supporting Memorandum of Law (Doc. No. 15-1). The Commissioner of Social Security filed a complete copy of the underlying Administrative Record ("AR") (Doc. No. 12) and a Response to the Motion for Judgment (Doc. No. 17). The Magistrate Judge to whom this matter was referred has issued a Report and Recommendation ("R&R") (Doc. No. 18), recommending that York's motion be denied. York filed a timely Objection (Doc. No. 20), to which the Commissioner has responded (Doc. No. 21).

## I. LEGAL STANDARDS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C.

§ 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In the context of a case seeking social security benefits, the court must "uphold the ALJ's decision unless the ALJ failed to apply the correct legal standard or made findings that are unsupported by 'substantial evidence.'" *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022), *cert. denied sub nom. Moats v. Kijakazi*, 143 S. Ct. 785 (2023); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

"'[S]ubstantial evidence' is a term of art, . . . [a]nd it is not [a] high threshold." *Id.* (internal quotation marks and citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This standard requires "'more than a mere scintilla'" but less than a preponderance; substantial evidence is such 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001)); *see also Biestek*, 587 U.S. at 103. The court does not resolve conflicts in the evidence or revisit questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Similarly, the court will not reverse findings of an ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

## II.      BACKGROUND

In the R&R, the Magistrate Judge sets forth in detail the ALJ's findings, the parties' positions, and the applicable legal standards of review under 20 CFR §§ 404.1527, 416.927, before concluding that the ALJ's decision was supported by substantial evidence in the record. More specifically, the Magistrate Judge finds that the ALJ did not err in according less weight to the opinions of Melissa Porter, M.D., an examiner with the Tennessee Disability Determination Services ("DDS") who conducted a psychological examination of York on August 7, 2020, and Sabitha Hudek, M.D., the plaintiff's treating psychiatrist, who completed a mental disorder questionnaire on July 23, 2020. (AR 510–16, 424–28.) The ALJ found the administrative medical opinions of Drs. Carlos Jusino-Berrios and P. Jeffrey Wright, both State agency medical consultants, to be more persuasive than the medical opinions from Drs. Porter and Hudek, in particular because the opinions of Porter and Hudek were too heavily based on the plaintiff's subjective self-reports and were inconsistent with the record as a whole. (*See* AR 77–78.)

The R&R also addresses the plaintiff's contention that the ALJ improperly rejected Dr. Porter's and Dr. Hudek's assessments as unpersuasive simply because they relied on subjective rather than objective findings, citing *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989). The Magistrate Judge, distinguishing *Blankenship*, observes that the ALJ did not discount the opinions of Drs. Porter and Hudek "because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation" but because they were "neither supported by nor consistent with the medical evidence." (Doc. No. 18, at 18 (quoting *Blankenship*, 874 F.2d at 1121, and citing AR 77–78).)

## III.      DISCUSSION

In her Objection to the R&R, the plaintiff objects that the ALJ (and the Magistrate Judge) erred in rejecting Dr. Porter's and Dr. Hudek's opinions on the basis that they were not supported

by "objective test results and laboratory findings," again citing *Blankenship*. (Doc. No. 20, at 2.) The plaintiff contends that Dr. Porter's opinion is "highly consistent" with that of her treating source, Dr. Hudek, and that the ALJ erred in overlooking or misconstruing this congruency. (*Id.* at 3.) She asserts that, when the ALJ overlooks or misconstrues evidence, meaningful review cannot occur. (*Id.* (citing *Souris v. Comm'r of Soc. Sec.*, No. 1:20-cv-00630, 2021 WL 2688480, at *8-9 (N.D. Ohio. June 30, 2021)).)

The court has reviewed the record as a whole in light of the plaintiff's objection and concludes that the Magistrate Judge did not err in finding that the ALJ properly applied the law and that her findings are supported by substantial evidence. Sabitha Hudek, M.D. was the plaintiff's treating psychiatrist from January 2019 through May 2021, during which period she saw the plaintiff regularly approximately twice per month. (*See* AR Exhibits 2F, 6F.) At virtually all of these encounters, the plaintiff's "psych/affect" was noted to be normal, and the plaintiff was generally found to be doing well on her medications. In particular, while the plaintiff consistently reported symptoms of depression, anxiety, and insomnia, in the counseling visits during the months before and after Dr. Hudek's July 23, 2020 mental disorder questionnaire, the plaintiff also stated that she was "doing well," reported no significant issues, and her medications were "working well." (*See* AR 438 (May 12, 2020 encounter), 434 (June 9, 2020 encounter), 554 (August 4, 2020 encounter).) Dr. Hudek's Mental Disorder Questionnaire, however, reported that the plaintiff reported experiencing paranoia, suicidal ideation, hallucinations and delusions, that she was unable to complete day-to-day tasks, unable to "do things correctly," and was "unable to handle stressful situations without having manic episodes." (AR 424–28.) The treatment record simply does not support those findings.

Dr. Porter completed a DDS Psychological Examination on August 7, 2020, around the same time frame. Her assessment relies entirely on the plaintiff's self-reported symptoms, repeatedly stating that York "endorsed" a range of symptoms (including hypervigiliance, paranoia, impaired memory, distractibility, depressed mood, insomnia, excessive worry, fatigue, restlessness, crying spells, etc.) relating to her various conditions (Post Traumatic Stress Disorder, mania, depression, anxiety, and insomnia). (AR 512–13.) Dr. Porter observed that the plaintiff was able to recall three of three objects after a three-minute delay, to "easily name[]" four recent United States presidents, and to demonstrate good use of basic vocabulary and good basic math skills. Notably, the plaintiff denied suicidal ideation, visual or auditory hallucinations, and delusions. (AR 513.) And she reported that she could "prepare elaborate meals" and do basic housework and childcare without problems. Dr. Porter nonetheless assessed her as having moderate to marked impairment in her short-term memory and in her ability to sustain concentration, with moderate to marked impairment in her ability to relate socially. (AR 515–16.)

On August 16, 2020, Dr. Jusino-Berrios reviewed the available record and provided a Mental Residual Functional Capacity Assessment. (AR 89–122.) Based largely on Dr. Hudek's treatment notes, Dr. Jusino-Berrios found that the plaintiff was moderately limited in her ability to remember and to carry out detailed instructions, moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace, moderately limited in her ability to interact with the public and to get along with peers and coworkers, moderately limited in her ability to adapt to changes in the work setting, and moderately limited in her ability to set realistic goals and plans, but otherwise not significantly limited. (AR 100–03.) Dr. Jeffrey Wright completed a similar review based on the updated record in October 2021 and provided a similar assessment. (AR 138–40.)

Taking into consideration the record as a whole, the ALJ found that the plaintiff, in addition to several severe physical impairments, had severe mental-health impairments, including depressive disorder, anxiety disorder, and PTSD, and that she was significantly limited by her physical and mental impairments in her ability to perform basic work activities. (AR 69.) At the same time, the ALJ found that the plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of any listing. Consistent with the State agency assessments, the ALJ found that the plaintiff had moderate limitations in her ability to understand, remember and apply information, to interact with others, to maintain concentration, persistence, and pace, to adapt to change, and to "self-manage." (AR 70.) In reaching those conclusions, the ALJ noted that the record did not document any inpatient treatment or other evidence of psychological decompensation since September 1, 2017 and instead showed that the mental symptoms the plaintiff had experienced since then were notably improved with outpatient mental health treatment. (AR 70.)

Based on these findings, the ALJ found that, due to the limitations imposed by the plaintiff's mental health conditions, the plaintiff would be

> limited to performing simple and low-level detailed tasks. She would be able to maintain concentration, persistence, and pace for two hours at a time for those tasks for an eight-hour workday with customary breaks. She could never have interaction with the general public; could have occasional interaction with coworkers and supervisors. She would be able to adapt to only gradual, infrequent workplace changes.

(AR 71.) The ALJ referenced the plaintiff's treatment history and the findings by Dr. Porter and Dr. Hudek but noted that the record contained references to the plaintiff's doing well, her statements that her medications were working well, and that she had minimal complaints during the course of her treatment with Dr. Hudek. (*See id.* (citing Exs. 2F, 6F, 18 F).)

The ALJ found that the record did not "document any ongoing objective manifestations of a depressive disorder, an anxiety disorder, or any other significant medical pathology . . . that would have been expected to produce more than minimal functional limitation for a period of 12 consecutive months since the amended alleged onset date." (AR 75.) She found the opinion of Dr. Porter to be

> less persuasive because it is too heavily based on the claimant's subjective self-reports and complaints of symptoms rather than objective medical findings, and it is inconsistent with the record as a whole, especially considering the record shows the claimant demonstrated normal memory, attention, and concentration on examination roughly four months later on January 20, 2021.

(AR 77.) In addition, the ALJ found that Dr. Porter's opinion was "inconsistent with her own consultative psychological examination findings as well," insofar as Dr. Porter documented the plaintiff's ability to recall three of three named items immediately after they were said to her and three minutes later. (*Id.*) While the ALJ accepted that the plaintiff was moderately limited in "the four broad areas of mental functioning," she found that the record failed to document marked limitations. (*Id.*)

Similarly, the ALJ found Dr. Hudek's assessment to be less persuasive, because it was "based almost exclusively upon the claimant's subjective self-reports and complaints of symptoms rather than objective medical findings and it is wholly inconsistent with the record as a whole." (AR 78.) As an example, the ALJ pointed out that Dr. Hudek opined that the plaintiff was "unable to complete day-to-day tasks completely" and "lack[s] the ability to do things correctly," and "currently experiences hallucinations, delusions, paranoia, and passive suicidal ideations," Dr. Hudek's own treatment record from a month later showed that the plaintiff denied suicidal ideation, delusions, and auditory or visual hallucinations" and was able to prepare "elaborate meals" and perform a variety of household chores. (AR 78 (citing Exs. 2F, 3F).)

The ALJ found the opinions of Drs. Jusino-Berrios and Wright to be "persuasive" because they were "well supported by objective medical findings and consistent with the record as a whole." (AR 77.)

As the Magistrate Judge found, in reviewing the plaintiff's claims, this court must look to the existing administrative record and ask "whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original). In this case, the ALJ did not mischaracterize the record, and her opinion is supported by substantial evidence. The ALJ did not reject the opinions of Drs. Porter and Hudek "simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation," *Blankenship*, 874 F.2d at 1121, but because, in Dr. Porter's case, the opinion was internally inconsistent with her own objective findings and overly reliant on the plaintiff's self-reported symptoms and, in Dr. Hudek's case, because her opinion was inconsistent with her own treatment records. In evaluating the plaintiff's residual functional capacity and subjective allegations, the ALJ properly considered the medical opinion and prior administrative medical findings (AR 77–78.) *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The plaintiff's objections are without merit.

## IV.     CONCLUSION

The plaintiff's Objection (Doc. No. 20) will be overruled. The court will accept and adopt the R&R (Doc. No. 18) in its entirety and deny the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 15). An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge